**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  10-cv-00656-REB

CAUGHT FISH ENTERPRISES, LLC, a Colorado limited liability company, and
METAL ROOF INNOVATIONS, LTD., a Colorado corporation,

      Plaintiffs,

v.

ACTION MANUFACTURING, LLC, a Colorado limited liability company,
RIDDELL & COMPANY, INC., a Colorado corporation, and
PAUL RIDDELL, an individual,

      Defendants.

---

### ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

---

**Blackburn, J.**

      The matters before me are (1) **Plaintiffs' Redacted Motion for Preliminary Injunction (With Incorporated Authority and Supporting Evidence) and Request for Hearing** [#8] filed April 12, 2010; and (2) **Plaintiffs' Unredacted Motion for Preliminary Injunction (With Incorporated Authority and Supporting Evidence) and Request for Hearing** [#18] filed April 21, 2010, (filed under seal).  The two motions are identical, except for the redactions in [#8].  The defendant filed a response [#27].  The plaintiffs have not filed a reply.  Having considered the evidence, the parties' arguments, and the relevant law, I find and conclude that the motion for preliminary injunction should be denied.

### I.  JURISDICTION

      I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II.  STANDARD OF REVIEW

Because a preliminary injunction is an extraordinary remedy, the plaintiffs' right to relief must be clear and unequivocal.  ***See Federal Lands Legal Consortium ex rel. Robart Estate v. United States***, 195 F.3d 1190, 1194 (10th Cir. 1999).  The plaintiffs are entitled to a preliminary injunction only if they proves that 1) there is a substantial likelihood that they will prevail on the merits; (2) they will suffer irreparable harm unless the preliminary injunction is issued; (3) the threatened injury outweighs the harm the preliminary injunction might cause defendants; and (4) the preliminary injunction if issued will not adversely affect the public interest.  ***Prairie Band of Potawatomi Indians v. Pierce***, 253 F.3d 1234, 1246 (10th Cir. 2001).

## III.  BACKGROUND

In their complaint, the plaintiffs allege that the defendant is infringing two U.S. patents owned by plaintiff, Caught Fish Enterprises, LLC.  The patents, referred to by the parties as the '588 Patent and the '033 Patent, are directed to mounting clamps invented by Robert M.M. Haddock.  The clamps are used to secure objects to the standing seams of metal roofs.  Caught Fish granted plaintiff, Metal Roof Innovations, LTD (MRI), an exclusive license to develop, manufacture, market, and sell the patented devices.

In 2006, MRI filed suit against the defendants alleging that the defendants were infringing the '588 and '033 Patents.  ***Caught Fish Ent., LLC, et al v. Action Manufacturing, LLC, et al.***, No. 06-cv-00194-LTB-MEH (filed February 3, 2006) (Previous Litigation).  In their answer and counterclaims in the Previous Litigation, the defendants asserted that the '588 and '033 Patents are invalid and unenforceable.  The parties reached a settlement and executed a settlement agreement. The settlement

agreement included a term under which the parties released all claims against each other that were or could have been brought in the Previous Litigation.[1]  Ultimately, the Prior Litigation was dismissed with prejudice.  *Id*., Order of Dismissal [#26] filed June 21, 2006.

In the present case, the plaintiffs allege that the defendants are selling universal clamps under the trade names RoofClamp RCT and RoofClamp RC.  Allegedly, the defendants began to sell these products in February 2010.  The plaintiffs allege that these products infringe numerous claims in the '588 and '033 Patents.  In their current motion, the plaintiffs seek a preliminary injunction enjoining and prohibiting the defendants from selling the allegedly infringing products.

In response to the motion for preliminary injunction, the defendants argue that their RoofClamp RCT and RoofClamp RC products are, for the purpose of the plaintiffs' patent infringement claims, essentially the same products that were at issue in the Previous Litigation.  The defendants have submitted credible evidence in support of this contention.  *Plaintiffs' Unredacted Motion for Preliminary Injunction (With Incorporated Authority and Supporting Evidence) and Request for Hearing* [#18] filed April 21, 2010, (filed under seal), Exhibit D (Riddell Affidavit).  Of course, if the allegedly infringing products at issue in this case are the same as the allegedly infringing products at issue in the Previous Litigation, then the plaintiffs' claims in this case are barred because those claims were resolved in the Previous Litigation.

The defendants argue also that, if the allegedly infringing products at issue in this case are different from the allegedly infringing products in the Previous Litigation, then

---

[1]  The settlement agreement includes a confidentiality provision.  Copies of the settlement agreement filed in this case have been filed under seal.  In an effort to preserve the confidentiality of the terms of the settlement agreement, I do not detail those terms further in this order.

the defendants are not barred from arguing in this case that the plaintiffs' patents are invalid. Having reviewed the evidence, authorities, and arguments submitted by the parties, I conclude that the defendants are likely not barred from asserting in this case that the plaintiffs' patents are invalid, if the allegedly infringing products at issue in this case are different from the products at issue in the Previous Litigation. Further, based on my review of the current record in this case, I find and conclude that there is a substantial question concerning the validity of the '588 and '033 patents.

## IV. ANALYSIS

To secure a preliminary injunction, the plaintiffs first must establish a substantial likelihood that they are likely to prevail on the merits of their substantive claims. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001). "The determination of a motion for a preliminary injunction and a decision on the merits are different," *Valdez v. Applegate*, 616 F.2d 570, 572 (10th Cir. 1980), and, thus, "[it] is not necessary that plaintiff[] show positively that [it] will prevail on the merits before a preliminary injunction may be granted," *Atchison, Topeka and Santa Fe Railway. Co. v. Lennen*, 640 F.2d 255, 261 (10th Cir. 1981). Rather, plaintiff need only establish "a reasonable probability of success, . . . not an 'overwhelming' likelihood of success[.]" *Id.*

Having reviewed the parties' arguments and evidence, I conclude that the plaintiffs have not demonstrated a substantial likelihood that they eventually will prevail on the merits. Rather, the record demonstrates that the preclusive effect of the Previous Litigation and the issue of the validity of the plaintiffs' patents both present significant issues that limit significantly the likelihood that the plaintiffs will prevail on their claims. Absent a showing of a substantial likelihood of success on the merits of

their patent infringement claims, the plaintiffs are not entitled to the extraordinary remedy of a preliminary injunction. In light of the plaintiffs' failure to establish a substantial likelihood of success on the merits, I need not analyze the three additional elements that must be established to obtain a preliminary injunction.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiffs' Unredacted Motion for Preliminary Injunction (With Incorporated Authority and Supporting Evidence) and Request for Hearing** [#18] filed April 21, 2010, (filed under seal) is **DENIED**; and

2. That the **Plaintiffs' Redacted Motion for Preliminary Injunction (With Incorporated Authority and Supporting Evidence) and Request for Hearing** [#8] filed April 12, 2010, which motion is identical to the plaintiffs' unredacted motion [#18], except for the redactions, is **DENIED** as moot.

Dated June 17, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge