**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-00656-REB

CAUGHT FISH ENTERPRISES, LLC, a Colorado limited liability company, and
METAL ROOF INNOVATIONS, LTD., a Colorado corporation,

    Plaintiffs,

v.

ACTION MANUFACTURING, LLC, a Colorado limited liability company,
RIDDELL & COMPANY, INC., a Colorado corporation, and
PAUL RIDDELL, an individual,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion for Reconsideration of the Court's Plenary Powers and of Order Denying Motion for Preliminary Injunction [Doc. No. 42], Pursuant to FED. R. CIV. P. 59(e)** [#56][1] filed July 15, 2010. The defendants filed a response [#65], and the plaintiffs filed a reply [#67]. I deny the motion.

As the plaintiffs acknowledge in their motion, the bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for

---

[1] "[#56]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

On June 17, 2010, I entered an order [#42] denying the plaintiffs' motion for a preliminary injunction. In that order, I stated that the plaintiffs had not filed a reply in support of their motion for preliminary injunction. In fact, the plaintiffs did file a reply [#37] (public entry) [#34] (sealed document). In their present motion, the plaintiffs ask the court to reconsider the denial of the plaintiffs' motion for preliminary injunction in view of the evidence and argument included in the plaintiffs' reply. I have reviewed the plaintiffs' reply. In addition, I have addressed and resolved the plaintiffs' related motions to dismiss the defendants' patent invalidity counterclaims [#59] (sealed document) [#62] (public entry) and to strike the defendants' patent invalidity affirmative defenses [#63] (public entry) [#60] (sealed document). The issues raised in those motions are addressed also in the briefing related to the motion for preliminary injunction.

Based on my review of the evidence and argument in the plaintiffs' reply [#37] (public entry) [#34] (sealed document), as well as the resolution of the issues addressed in the plaintiffs' motion to dismiss the defendants patent invalidity counterclaims and patent invalidity affirmative defenses, I deny the plaintiffs' motion to reconsider. My review does not alter my previous conclusion that the potential preclusive effect of the previous litigation between the parties and the issue of the validity of the patents in question in this case both present issues that limit significantly the likelihood that the plaintiffs eventually will prevail on the merits of their claims. *Order Denying Motion for*

*Preliminary Injunction* [#42], filed June 17, 2010, p. 4.

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Motion for Reconsideration of the Court's Plenary Powers and of Order Denying Motion for Preliminary Injunction [Doc. No. 42], Pursuant to FED. R. CIV. P. 59(e)** [#56] filed July 15, 2010, is **DENIED**.

Dated March 7, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge